UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,          Plaintiff,     v. BUD RAY BROWN,          Defendant. | NO. CR-13-010-LRS (CV-14-225-LRS) **ORDER DENYING 28 U.S.C. §2255 MOTION** |

**BEFORE THE COURT** is Defendant's 28 U.S.C. §2255 Motion (ECF No. 42).

§2255 provides in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, the motion and the files and records of the case conclusively show the Defendant is entitled to no relief.

Defendant's motion is timely under 28 U.S.C. §2255(f). Judgment was entered on July 12, 2013 (ECF No. 39). Under normal circumstances, Defendant had 14 days to take a direct appeal to the Ninth Circuit Court of Appeals. Fed. R. App. P. 4(b)(1)(A). There is authority that in cases where a direct appeal is not taken, as in this case, the judgment of conviction does not become final until expiration of the appeal period. *Moshier v. U.S.*, 401 F.3d 116, 118 (2nd Cir. 2005); *Butler v. U.S.*, 2014 WL 584761 (D. Hawai'i 2014) at *3. Defendant's

**ORDER DENYING
§2255 MOTION-                    1**

appeal period expired on July 24, 2013. If his judgment of conviction became final on July 24, 2013, his §2255 motion is clearly timely because it was filed on July 14, 2014, within one year from the entry of final judgment. 28 U.S.C. §2255(f)(1). Even if Defendant's judgment of conviction is considered to have become final on July 12, 2013, due to the fact that he had waived his right to appeal pursuant to the terms of his Plea Agreement (ECF No. 27 at Paragraph 16)[1], the court deems his §2255 motion to be timely, notwithstanding the fact it was filed on July 14, 2014. This is because of the "prison mailbox rule." A prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (2009). Defendant's motion is dated July 8, 2014, and the court reasonably assumes that is the day he handed it over to prison authorities for mailing to this court.

Defendant was sentenced to a 15 year (180 months) mandatory minimum term of imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(1), which provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in §922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

Defendant contends his sentence was "illegally enhanced" in violation of the Due Process Clause and in contravention of the U.S. Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013).

---

[1] "[I]f the Court finds Defendant is A.C..C.A. eligible, then Defendant retains the right to appeal the sentence only if the Court imposes a sentence that is above 210 months." This court found Defendant "A.C.C.A. eligible" and sentenced him to 180 months.

**ORDER DENYING**
**§2255 MOTION-                    2**

More specifically, Defendant contends his Florida "Burglary of a Structure" convictions were improperly considered as "violent" felonies for purposes of the ACCA. "Violent felony" is defined in 18 U.S.C. §924(e)(2)(B) as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to the person of another[.]

Defendant asserts that "[s]ince [he] was sentenced[,] 'Descamps' has came [sic] out and since it is a new rule of law it should apply to me and my conviction for 'Burglary of Structure.'" *Descamps* was issued by the Supreme Court on June 20, 2013, approximately 19 days before Defendant was sentenced on July 9, 2013. It was issued sufficiently in advance of sentencing that the Government filed a "Supplemental Sentencing Memorandum" (ECF No. 34) addressing its impact, and counsel for both the Government and the Defendant addressed its impact during the sentencing hearing.

Pursuant to his Plea Agreement, Defendant "expressly waive[d] his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. §2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of diligence, could not be known by the Defendant at the time the court imposes sentence." Defendant does not allege his counsel was ineffective and it is difficult to believe he did not know at sentencing that the Supreme Court's decision in *Descamps* was in play. But even assuming Defendant can overcome the waiver set forth in his Plea Agreement, it is clear, as it was at the time of

**ORDER DENYING**
**§2255 MOTION-            3**

sentencing, that *Descamps* does not allow Defendant to avoid the ACCA.

First, even if Defendant's two Florida convictions for "Burglary of a Structure" were disregarded, that would still leave four "violent felony" convictions to serve as ACCA predicate offenses: one Second Degree Burglary conviction in the State of Washington; two Second Degree Robbery convictions in the State of Washington; and one conviction in the State of Washington for Possession of an Unlawful Firearm. As noted above, only three predicate convictions are necessary for application of the ACCA. At the sentencing hearing, Defendant's counsel advised the court that Defendant had decided not to contest the ACCA determination because he had more than three predicate convictions in any event.

In *United States v. Brooks*, 532 Fed. Appx. 670 (9th Cir. 2013), the Ninth Circuit Court of Appeals, in a post-*Descamps* decision, held that a conviction for second degree burglary under RCW 9A.52.030 qualified as an ACCA predicate offense using a modified categorical approach. *See also United States v. Korzybski*, 2013 WL 6592145 (D. Or. 2013) at *5-6 (conviction for residential burglary under RCW 9A.52.030 properly considered a crime of violence under the ACCA in light of *Brooks* and notwithstanding *Descamps*). For basically the same reasons provided by the Ninth Circuit in *Brooks*, and as set forth in the Government's "Sentencing Memorandum" (ECF No. 32 at pp. 5-6), Defendant's Second Degree Burglary conviction also qualifies as a "violent felony" under the ACCA. And if the modified categorical approach did not suffice, the "residual clause" of §924(e)(2)(B)(ii)- "otherwise involves conduct that presents a serious potential risk of physical injury to another"- would qualify Defendant's Second Degree Burglary conviction as a "violent felony." The *Descamps* decision did not address this "residual clause."

As the Government explained in its "Sentencing Memorandum," (ECF No.

**ORDER DENYING
§2255 MOTION-                          4**

32 at pp. 6-7), Defendant's two Second Degree Robbery convictions under RCW 9A.56.201 are categorically "violent" felonies because Washington's definition of robbery in RCW 9A.56.190 "has on its face the element of use or threatened use of physical force." Furthermore, Possession of an Unlawful Firearm in violation of RCW §§ 9.41.190(1) and 9.41.010(6) "involves conduct that presents a serious potential risk of physical injury to another' and therefore, is categorically a "violent felony" under the "residual clause" of §924(e)(2)(B)(ii). See Government "Sentencing Memorandum" (ECF No. 32 at pp. 7-8).

Moreover, the court agrees with the Government's analysis in its "Supplemental Sentencing Memorandum" (ECF No. 34 at pp. 2-4) that *Descamps* does not apply to Florida's burglary statute because it is a divisible statute in that the elements of generic burglary are presented as one alternative.[2] Thus, the modified categorical approach can be used to determine whether Defendant's convictions for "Burglary of a Structure" are "violent" felonies under the ACCA. In two recent decisions, the Middle District of Florida found that Florida's burglary statute is divisible and a modified categorical approach can be used to determine whether a defendant's burglary conviction is a "violent" felony under the ACCA. *United States v. Witchard*, 2013 WL 6799267 (M.D. Fla. 2013) at *5; *United States v. Kirk*, 2013 WL 5798559 (M.D. Fla. 2013) at *6. For the reasons set forth in the Government's "Sentencing Memorandum" (ECF No. 32 at pp. 4-5), the court agrees that Defendant's Florida convictions qualify as generic burglaries under the modified categorical approach and therefore, are "violent" felonies under the ACCA.

---

[2] Those elements include unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 598-99, 110 S.Ct. 2143 (1990).

**ORDER DENYING**
**§2255 MOTION-** 5

Finally, even if it were improper to use the modified categorical approach, or if the use of that approach did not establish that Defendant's burglary convictions qualify as "violent" felonies under the ACCA, the convictions would nonetheless qualify as "violent" felonies under the ACCA's "residual clause," §924(e)(2)(B)(ii), because they are substantially similar to generic burglary and involved a "serious potential risk of physical injury to another."  See *United States v. Phillips*, 752 F.3d 1047, 1051 (6th Cir. 2014)(concluding that third-degree burglary of a structure in Florida is a "violent felony" within the meaning of the ACCA's residual clause); *United States v. Kirk*, 2013 WL 5798559 at *6 (concluding that each of the defendant's seven Florida burglary convictions was a violent felony under the residual clause).

For the reasons set forth above, Defendant's §2255 Motion (ECF No. 42) is **DENIED**.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as Defendant has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to the Defendant along with copies of ECF Nos. 32 and 34.

**DATED** this  4th  of August, 2014.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING
§2255 MOTION-                              6**