UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | )  NO. 2:13-CR-010-LRS-1 |
| | ) |
| | ) **ORDER GRANTING** |
|   v. | ) **28 U.S.C. §2255 MOTION** |
| | ) |
| BUD RAY BROWN, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**BEFORE THE COURT** is Defendant's 28 U.S.C. §2255 Motion To Vacate Sentence And For Resentencing (ECF No. 51).  The motion is heard without oral argument.

**I. BACKGROUND**

On July 9, 2013, this court sentenced the Defendant to a 180 months term of custody (15 years), the mandatory minimum sentence required by the Armed Career Criminal Act (ACCA), 18 U.S.C. Section 924(e), for his conviction for Felon in Possession of a Firearm and Ammunition, 18 U.S.C. Section 922(g)(1).[1] This court agreed with the findings of the Pre-Sentence Investigation Report (PSIR) that Defendant had at least three previous convictions for a violent felony

_____

[1] Defendant's current release date is March 28, 2029.  Defendant is housed at Coleman II USP located in Florida.  This information was obtained from www.bop.gov/inmateloc/

**ORDER GRANTING
28 U.S.C. §2255 MOTION-          1**

or a serious drug offense, or both, which made him an armed career criminal.[2]   As outlined in the PSIR, these convictions included: 1) two counts of Burglary of a Structure in Florida; 2) one count of Possession of an Unlawful Firearm in Washington; 3) one count of Second Degree Burglary in Washington; and 4) two counts of Second Degree Robbery in Washington.

Defendant filed a *pro se* 28 U.S.C. §2255 Motion in July 2014 in which he contended his sentence had been illegally enhanced in contravention of the U.S. Supreme Court's decision in *Descamps v. United States*, _____ U.S. _____, 133 S.Ct. 2276 (2013).   This court denied the motion in an order dated August 4, 2014.  (ECF No. 43).

Defendant's successive §2255 motion now before the court was authorized by the Ninth Circuit Court of Appeals as making a *prima facie* showing under *Johnson v. United States*, 135 S.Ct. 2551 (2015).  (ECF No. 48).  Defendant contends that after *Johnson*, his prior Florida and Washington burglary convictions, and his prior Washington robbery convictions, no longer qualify as "violent felonies" and therefore, cannot serve as predicate convictions for an enhanced sentence under the ACCA.  As such, Defendant contends he is no longer an armed career criminal and should be re-sentenced.

## II. DISCUSSION

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

_____

[2]  18 U.S.C. §924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-        2**

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. §924(e)(2)(B).

In *Johnson*, the Supreme Court invalidated the italicized portion set forth above which is known as the "residual clause," finding it to be unconstitutionally vague because it did not give ordinary people adequate notice of what conduct was prohibited. The Supreme Court subsequently ruled that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264-68 (2016). *Johnson* emphasized, however, that it "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." 135 S.Ct. at 2563. Therefore, if a sentencing court did not rely on the residual clause and instead relied on qualifying prior crimes under the elements/force clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another") or enumerated offenses clause (burglary, arson, or extortion, involves use of explosives) or on "prior serious drug offenses," then the ACCA sentence is unaffected by *Johnson*. *See, e.g., Welch*, 136 S.Ct. at 1268 ("It may well be that the Court of Appeals on remand will determine on other grounds that the District Court was correct to deny Welch's motion to amend his sentence. For instance, the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15-year sentence regardless of *Johnson*).

Here, the Government concedes that in light of recent Supreme Court and Ninth Circuit precedents (*Descamps* and *United States v. Dixon*, 805 F.3d 1193

**ORDER GRANTING
28 U.S.C. §2255 MOTION-    3**

(9th Cir. 2015)), Defendant's burglary and robbery convictions no longer qualify as ACCA predicates and if Defendant were sentenced today, he could not be sentenced as an armed career criminal.  The Government notes, however, that the *Descamps* analysis has generally been regarded as non-retroactive, citing *Ezell v. United States*, 778 F.3d 762, 767 (9th Cir. 2015).  Furthermore, the Government contends Defendant has failed to show his sentence depended on the residual clause and therefore, he is not entitled to any relief under §2255 (although he may be entitled to seek relief under §2241 in the district of his confinement pursuant to the savings clause of §2255(e)).

As this court noted in its order denying Defendant's *pro se* §2255 motion, *Descamps* was decided on June 20, 2013, prior to Defendant's sentencing on July 9, 2013.  The Government addressed the impact of *Descamps* in its "Supplemental Sentencing Memorandum" (ECF No. 34), contending Defendant's prior convictions for burglary in Florida and Washington remained qualifying offenses under the ACCA because they involved divisible statutes which allowed use of the modified categorical approach to determine that the convictions satisfied the elements of generic burglary and therefore, constituted "violent felonies" under the ACCA.   The Government further emphasized that *Descamps* did not address the residual clause and, as such, entitled the Government to argue that any offense, including offenses similar to generic burglary, may qualify as a violent felony under that clause.

This court was persuaded by the Government's arguments in sentencing the Defendant and in subsequently denying his *pro se* §2255 motion.  Indeed, in its order denying the *pro se* motion, this court emphasized that even if the modified categorical approach did not suffice to qualify Defendant's burglary convictions as "violent felonies," the residual clause would suffice.  At the Government's urging, this court also relied on the residual clause to find Defendant's conviction for

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-      4**

possession of an unlawful firearm qualified as a "violent felony" under the ACCA. With regard to Defendant's two convictions for Second Degree Robbery, this court was persuaded by the Government to find those were categorically "violent felonies" because Washington's definition of robbery "has on its face the element of use or threatened use of physical force."

This court clearly relied on the ACCA residual clause to find Defendant's three burglary convictions and his conviction for possession of an unlawful firearm were predicate "violent felonies." Per *Johnson*, those convictions no longer qualify as ACCA predicate offenses. In the absence of those convictions, that leaves the robbery convictions which, since there are only two of them, would not be enough numerically to qualify Defendant as an armed career criminal. But as the Government concedes, even those two convictions no longer qualify under the "force" clause of the ACCA.

Defendant's 28 U.S.C. §2255 motion is timely because it was filed on May 10, 2016 (see ECF No. 50), within one year of the decision filed in *Johnson v. United States* (June 26, 2015). Pursuant to §2255(f)(3), a motion is timely if filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." For the reasons set forth above, §2255 is adequate and effective to test the legality of Defendant's detention and he need not rely on the "savings clause" provision of §2255 and challenge imposition of his sentence under §2241. *Harrison v. Ollision*, 519 F.3d 952, 956 (9th Cir. 2008).

## III.  CONCLUSION

Defendant's 28 U.S.C. §2255 Motion To Vacate Sentence And For Resentencing (ECF No. 51) is **GRANTED**.

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-        5**

1    The Judgment in this case (ECF No. 39) is **VACATED** and Defendant shall

2    be re-sentenced a soon as reasonably practicable.  A separate scheduling order

3    will be entered.

4    Defendant is to remain in custody pending re-sentencing.  The United States

5    shall issue a writ for the Defendant's transport, reasonably in advance of re-

6    sentencing to ensure the Defendant's presence for purpose of allowing a U.S.

7    Probation Officer to prepare an Amended Pre-Sentence Investigation Report.

8    The Government and Defendant are granted leave to file sentencing

9    memoranda as to the sentence to be imposed and the procedure to be employed in

10   imposing sentence.

11   **IT IS SO ORDERED**.  The District Executive shall forward copies of this

12   order to counsel of record, to the U.S. Probation Office, and to the U.S. Marshal

13   Service.

14   **DATED** this 5th day of December, 2016.

15

16                          *s/Lonny R. Suko*

17   _____
                          LONNY R. SUKO
                     Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-          6**